23-1184-cv
*Jonathan & Esther Zuhovitzky v. UBS AG, et. al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty-four.

PRESENT: John M. Walker, Jr.,
Steven J. Menashi,
Eunice C. Lee,
*Circuit Judges.*

_____

JONATHAN ZUHOVITZKY AND ESTHER ZUHOVITZKY,

*Plaintiffs-Appellants*,

v. No. 23-1184-cv

UBS AG CHE 101.329.562, UBS AG CHE 412.669.376, UBS FINANCIAL SERVICES INC., UBS SECURITIES LLC AND UBS ASSET MANAGEMENT (US) INC.,

*Defendants-Appellees.*

_____

| | |
|---|---|
| *For Plaintiffs-Appellants*: | Melissa A. Perry, Cohen, LaBarbera & Landrigan, LLP, Chester, NY. |
| *For Defendants-Appellees*: | Robert T. Smith and Andrew J. Pecoraro, Katten Muchin Rosenman LLP, Washington, DC; David L. Goldberg, Katten Muchin Rosenman LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs Jonathan and Esther Zuhovitzky challenge the district court's dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), of their lawsuit against several constituent entities of the Swiss bank UBS. In their First Amended Complaint ("FAC"), the Zuhovitzkys allege that UBS defrauded them as part of a corrupt scheme in violation of 18 U.S.C. § 1962(a), (b), and (d). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

I

We review *de novo* a decision granting a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Selevan v. NY Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). In conducting that review, "we assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

The civil RICO statute permits "'[a]ny person injured in his business or property by reason of a violation of section 1962' to bring a private civil suit in federal district court and authorizes the recovery of treble damages, attorney's

fees, and costs." *Bascuñán v. Elsaca*, 874 F.3d 806, 815-16 (2d Cir. 2017) (quoting 18 U.S.C. § 1964(c)). "[T]o state a civil claim under § 1964(c) for a violation of § 1962(a), a plaintiff must allege injury 'by reason of' defendants' investment of racketeering income in an enterprise." *Ouaknine v. MacFarlane*, 897 F.2d 75, 82-83 (2d Cir. 1990). Moreover, "to state a claim under civil RICO, the plaintiff is required to show that a RICO predicate offense not only was a 'but for' cause of his injury, but was the proximate cause as well." *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9 (2010) (internal quotation marks omitted).

The district court correctly determined that the Zuhovitzkys failed to plead proximate cause adequately and therefore failed to state a claim. "[E]ven at the pleading stage, civil RICO's direct relation requirement is rigorous and requires dismissal where substantial intervening factors attenuate the causal connection between the defendant's conduct and the plaintiff's injury." *Doe v. Trump Corp.*, 385 F. Supp. 3d 265, 276-77 (S.D.N.Y. 2019); *see Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 268 (1992) (explaining that "the notion of proximate cause" entails "a demand for some direct relation between the injury asserted and the injurious conduct alleged"); *Empire Merchs., LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 141 (2d Cir. 2018) ("[A] link that is too remote, purely contingent, or indirect is insufficient.") (internal quotation marks and alteration omitted).

In this case, intervening causes broke the causal chain between UBS's alleged conduct and the harm that the Zuhovitzkys allegedly suffered. That alleged harm derived from the expenses and inconveniences associated with defending against an IRS investigation into Jonathan Zuhovitzky as well as penalties resulting from that investigation. *See* Supp. App'x 69-74. The proximate cause of this harm was the IRS rather than UBS. *See Hemi Grp.*, 559 U.S. at 12 ("[I]n the RICO context, the focus is on the directness of the relationship between the conduct and the harm.").

The IRS chose to audit and pursue Zuhovitzky because of its belief that Zuhovitzky had failed to disclose a foreign account in violation of 31 C.F.R.

3

§ 1010.350(a). The FAC acknowledges that Zuhovitzky did not include information about his wife's UBS account in the relevant filing. *See* Supp. App'x 69 (¶ 178). If the investigation was improper, redress for the harm would appropriately be sought from the IRS. *See id.* ("[T]he IRS also *chose* to pursue the assessment of a civil penalty against Jonathan Zuhovitzky for failing to include information about his wife's UBS account on his annual FBAR filings.") (emphasis added). Had Zuhovitzky pressed his claims against the IRS directly, he would have been able to establish proximate cause—and a successful suit might have compelled the IRS to pay his expenses, including his legal fees. *See* 26 U.S.C. § 7430(a) (providing that the prevailing party in a suit brought against the IRS is entitled to "reasonable litigation costs"). Zuhovitzky instead settled with the IRS. *See* Supp. App'x 74 (¶ 210) ("The Parties agreed to settle the [IRS] case."). Moreover, even if the IRS were not the only proximate cause of the harm, there are other intervening causes here as well. It was not UBS but the Swiss Federal Tax Authority, for example, that shared Zuhovitzky's records with the IRS. "Proximate cause for RICO purposes ... requires 'some direct relation between the injury asserted and the injurious conduct alleged.'" *Hemi Grp.*, 559 U.S. at 9 (quoting *Holmes*, 503 U.S. at 268).

"Civil RICO is an unusually potent weapon," *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991), and for that reason courts "strive to flush out frivolous RICO allegations at an early stage of the litigation," *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990). The district court did not err in determining that the allegations failed the particularized scrutiny required in this case.

## II

The district court denied the Zuhovitzkys leave to amend the complaint. Courts should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). But "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun &*

4

*Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). In particular, "[a] plaintiff need not be given leave to amend if [he] fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in [his] complaint." *Id.* "[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999). We generally review the decision of a district court to deny leave to amend for abuse of discretion, but when the denial is "based on a legal interpretation, such as futility, a reviewing court conducts a *de novo* review." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015).

Here, the Zuhovitzkys do not explain how an amended complaint would avoid the deficiency that the IRS rather than UBS was the proximate cause of the Zuhovitzkys' injuries. In their initial brief, the Zuhovitzkys do not indicate how they would modify their complaint if given the opportunity. *See* Appellants' Br. 40-42 (arguing only that leave to amend should not have been denied because the Zuhovitzkys had not yet asked for it). In their reply brief, the Zuhovitzkys "assert that they can cure the defects within the Amended Complaint by more specifically linking particular Defendants with particular actions." Reply Br. 19. But the Zuhovitzkys do not identify these specific links. Nor do the Zuhovitzkys clarify how UBS *could* have been the proximate cause, as a matter of law, when the alleged harm was caused by a discretionary decision of the IRS. We conclude that amendment would have been futile, and for that reason the district court did not err in denying leave to amend.

### III

Additionally, the Zuhovitzkys argue that the district court abused its discretion by declining to exercise supplemental jurisdiction over their state law claims. Appellants' Br. 40. Supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also* 28 U.S.C. § 1367(c)(3). In any event, when "the federal claims are dismissed

5

before trial, … the state claims should be dismissed as well." *First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir. 2004) (quoting *Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991)). Given that the Zuhovitzkys' RICO claims were the only claims over which the district court had original jurisdiction, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the state law claims after the RICO claims had been dismissed.

*   *   *

We have considered the Zuhovitzkys' remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court